# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **RANDAL B. McCOY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:22-cv-419-ACA-GMB |
| | ) |
| **KAVLI,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randal B. McCoy has filed a *pro se* amended complaint under 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States against Defendants Deputy Kavli, Deputy Bishop, and Jailer Ashley Smith. (Docs. 18, 23). On November 19, 2024, the magistrate judge entered a report recommending that the court treat the Defendants' special report as a motion for summary judgment and grant the motion as to Mr. McCoy's claims for excessive force against Deputy Kavli related to handcuffing with no finger space and as to Mr. McCoy's claim for deliberate indifference to medical needs against Deputy Kavli, Deputy Bishop, and Officer Smith. (Doc. 76). The report also recommended that the court deny Defendants' motion for summary judgment as to Mr. McCoy's remaining claims for (1) excessive force against Deputy Kavli while Mr. McCoy was handcuffed; (2) excessive force against Deputy Bishop; (3) assault and battery

against Deputy Kavli and Deputy Bishop; and (4) conditions-of-confinement against Deputy Kavli and Officer Smith. (Doc. 76).

Mr. McCoy filed two objections to the report and recommendation. (Doc. 77). He objects to the magistrate judge's recommendation that the court grant summary judgment on his claim for excessive force against Deputy Kavli related to handcuffing with no finger space and his claim for deliberate indifference to medical needs against Deputy Kavli, Deputy Mr. Bishop, and Officer Smith. (*Id.*)

As to his excessive force claim against Deputy Kavli related to handcuffing with no finger space, Mr. McCoy argues that he asked Deputy Kavli for medical help over a period of three hours for "his sickness and injuries" and for "striking [ ]his head on the car door frame" during his arrest. (Doc. 77 at 1–2). Although Mr. McCoy now claims that he "expressed the cuffs were cutting his wrist" and that "Deputy Kavli refused to check or loosen the cuffs for approximately 3 hours," Mr. McCoy provides no support in the record that he told Deputy Kavli the handcuffs were too tight or asked Deputy Kavli to loosen them during his arrest or when he arrived at the jail.[1] Accordingly, the court **OVERRULES** Mr. McCoy's objection as to his claim against Deputy Kavli related to handcuffing with no finger space.

---

[1] In his amended complaint, Mr. McCoy explained that Mr. Kavli removed his handcuffs after placing him in a holding cell at the jail. (Doc. 18 at 25).

With respect to Mr. McCoy's claim for deliberate indifference to medical needs against Deputy Kavli, Deputy Bishop, and Officer Smith, he argues that they denied him medical care for his "pre-existing medical diagnosis of severe abdominal pain and vomiting." (Doc. 77 at 4). Mr. McCoy essentially repeats the same factual assertions from his amended complaint in his objections. (*See* doc. 18 at 24–27). The magistrate judge correctly noted that generally abdominal pain, nausea, and vomiting do not constitute a serious medical condition. (Doc. 76 at 26). In his objections, Mr. McCoy has not shown that his ailments were chronic and persisted over a long period of time. Mr. McCoy refers to an "attached exhibit - #1 medical information and the patient directions for condition," but no exhibit was filed with Mr. McCoy's objections. (Doc. 77 at 4). The court assumes that Mr. McCoy is referring to discharge records from St. Vincent's St. Clair Emergency Department on March 24, 2020, which reflect a diagnosis and medications for vomiting and abdominal pain. (*See* doc. 23; doc. 52 at 10; docs. 61-2, -5, -6). These records do not establish that Mr. McCoy had a serious medical condition of the type required to prevail on a claim of deliberate indifference. Accordingly, the court **OVERRULES** Mr. McCoy's objections on his claim of deliberate indifference to medical needs against Deputy Kavli, Deputy Bishop, and Officer Smith.

After careful consideration of the record in this case, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Consistent with that

recommendation, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment. (Doc. 44). The court **WILL ENTER SUMMARY JUDGMENT** in Deputy Kavli's favor and against Mr. McCoy as to Mr. McCoy's claim for excessive force related to handcuffing with no finger space. The court **WILL ENTER SUMMARY JUDGMENT** in favor of Deputy Kavli, Deputy Bishop, and Officer Smith and against Mr. McCoy as to Mr. McCoy's claim for deliberate indifference to medical needs.

The court **DENIES** Defendants' motion for summary judgment (Doc. 44) on Mr. McCoy's claims of excessive force against Deputy Kavli while Mr. McCoy was handcuffed; excessive force against Mr. Bishop; assault and battery against Deputy Kavli and Deputy Bishop; and conditions-of-confinement against Deputy Kavli and Officer Smith.

The court **REFERS** this case to the magistrate judge for further proceedings on the remaining claims identified above.

The court will enter a separate partial judgment.

**DONE** and **ORDERED** this February 25, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

4